UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:17-CV-00135-GNS-LLK

**DUSTY BASKETTE**                                                                                           **PLAINTIFF**

**v.**

**NANCY A. BERRYHILL, Acting Commissioner of Social Security**               **DEFENDANT**

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION**

Plaintiff filed a complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefits. The Court referred the matter to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636. Plaintiff's Motion for Summary Judgment and Defendant's response in opposition are at Dockets # 18 and 24. The matter is ripe for determination.

Plaintiff presents two arguments. Because the arguments are unpersuasive, the RECOMMENDATION will be that the Court AFFIRM the Commissioner's final decision.

**Any conflict between the VE's testimony and the DOT was harmless.**

The Administrative Law Judge (ALJ) denied Plaintiff's disability claim at the fifth and final step of the sequential evaluation process. The ALJ found that, although Plaintiff has vocationally-significant impairments that preclude performance of her past relevant work, she retains the ability to perform a significant number of jobs in the national economy. Examples of such jobs are inspector, bench assembler, and hand worker / labeler. (ALJ's decision, Administrative Record (AR), p. 57). The Dictionary of Occupational Titles (DOT) describes these jobs in Sections 727.687.054[1] (1991 WL 679672),

---

[1] Tests polarity connections on finished storage batteries and inspects final assembly for defects: Positions metal prongs of testing unit over terminals of intercell connecting straps and observes bulb on testing unit that lights when cell arrangement is correct. Examines assembly for defects, such as omission of symbols on battery posts, uneven sealing, and cracked covers.

1

706.684-042[2] (1991 WL 679055), and 686.685-030[3] (1991 WL 678300).  Testimony of vocational expert (VE), p. 92.

The DOT describes these jobs as requiring level-2 reasoning, which the DOT defines as requiring the abilities to "[a]pply commonsense understanding to carry out **detailed but uninvolved** written or oral instructions.  Deal with problems involving a few concrete variables in or from standardized situations."  (emphasis added).

The ALJ found that Plaintiff is limited to "performing simple routine repetitive tasks, work should be a low stress environment with little to no change in routine on a day to day basis and no fast paced production rate or quota work demands."  (ALJ's decision, AR, p. 50).  The VE identified the above jobs based on a hypothetical that contemplated these same limitations.  (VE's testimony, AR, p. 92).  Plaintiff argues that these limitations (found by the ALJ and given to the VE) are inconsistent with the requirements of level-2 reasoning.

Plaintiff argues that there is an inconsistency because, upon cross-examination, the VE agreed with Plaintiff that the limitations "would preclude the ability to perform detailed written and oral instructions."  AR, p. 94.  The argument is unpersuasive because the VE did not testify that the limitations would preclude "detailed but uninvolved" instructions.  *See Russell v. Comm'r of Soc. Sec.*, No. 1:13–CV–291, 2014 WL 1333262, at *15 (N.D. Ohio Mar. 31, 2014) (quoting *Meissl v. Comm'r*, 403 F.Supp.2d 981, 983–85 (C.D. Cal. 2005) ("Even more problematic for Meissl's position is that she ignores the qualifier the DOT places on the term 'detailed' as also being 'uninvolved.'  This qualifier certainly

---

[2] Assembles parts to form yard and garden care equipment components, such as reels, steering handles, and gear boxes, following specifications and using handtools and power tools:  Fits parts of components together and fastens them with bolts and cotter pins, using handtools and pneumatic impact wrench.  Seats inserts, such as bearings and grease seals in hubs and sleeves, using power press.  Rivets reel blades to hubs on reel shaft, using pneumatic clinching gun, and sets rivets, using rivet press [RIVETING-MACHINE OPERATOR (any industry) I].  May be designated according to part assembled as Reel Fabricator (agric. equip.).

[3] Tends machine that cuts canvas to specified widths and folds and presses strips for use as belting: Threads end of canvas roll through cutting mechanism, fold guides, and between pressing rolls. Starts machine and observes processing for defective cutting, folding, or pressing. Cuts folded belting to specified length, using knife, and stacks belting on handtruck.

calls into question any attempt to equate the Social Security regulations' use of the term 'detailed' with the DOT's use of that term in the reasoning levels. Instead of simply seeking to equate the two scales based on the serendipity that they happen to employ the same word choice, a much more careful analysis is required in comparing the claimant's RFC with the DOT's reasoning scale").

Next, Plaintiff argues that there is an inconsistency on its face between the limitations found by the ALJ and given to the VE and the requirements of level-2 reasoning (independently of the VE's testimony at AR, p. 94). The Sixth Circuit has explicitly left open "the possibility that jobs requiring reasoning level of two or three might conflict with a claimant's simple-task limitation." *Joyce v. Comm'r*, 662 F. App'x 430, 436 (6th Cir. 2016) (summarizing a conflict of opinion among "our sister circuits"). The dispositive question, however, is not the abstract question of whether there is an inconsistency of words (i.e., those given to the VE versus those contemplated by the definition of level-2 reasoning) but whether "the ALJ's failure to inquire about the potential conflict was harmless." *Id.* at 436-37 (citing *Johnson v. Comm'r*, 535 F. App'x 498, 508 (6th Cir. 2013)). In *Joyce*, the potential conflict was harmless because "Joyce does not argue that he is incapable of performing the work of a cashier or ticket seller, perhaps because the evidence suggests that he can. Joyce earned his GED, admits that he can count change …. Accordingly, substantial evidence supports the ALJ's finding that Joyce can perform the work of a cashier or ticket seller." *Id.* at 437.

In this case, Plaintiff submitted a post-hearing memorandum to the ALJ objecting to a *Joyce*-style potential conflict. (AR, pp. 295-96). Unlike the Sixth Circuit, which has left open the possibility of such conflict, the ALJ summarily discounted Plaintiff's objections, stating that he "finds the assertions from this [Plaintiff's] representative that [Plaintiff] is only capable of performing one step tasks to be laughable." ALJ's decision, AR, p. 56. Defendant concedes that "[a]dmittedly, the ALJ mischaracterized Plaintiff's objections" but argues that "Plaintiff has not shown that the case requires a remand." (Docket # 24, p. 9).

As in *Joyce* v. *Comm'r*, 662 F. App'x 430 (6th Cir. 2016), any conflict between the VE's testimony and the DOT was harmless because Plaintiff does not argue that she is incapable of performing the jobs identified by the VE (in this case, inspector, bench assembler, and hand worker).  Additionally, there is evidence suggesting Plaintiff can, in fact, perform the jobs, specifically, she "has a high school education, no history of special education services and reported earning average grades.  In addition, [there is Plaintiff's] ability to shop for hours and handle money."  (ALJ's decision, AR, p. 56).

Because substantial evidence supports the ALJ's finding that Plaintiff can perform the work of an inspector, bench assembler, and hand worker, any conflict between the vocational testimony and the DOT did not rise to the level of reversible error.[4]

**Any error in the ALJ's ruling on Plaintiff's post-hearing objections was harmless.**

Finally, Plaintiff argues that the ALJ's ruling on his post-hearing objections to the vocational testimony, which Defendant admits the ALJ mischaracterized, violated HALLEX § I-2-6-74 (1993 WL 751902) and was so inadequate it provides an independent basis for remand.

The Hearings, Appeals, and Litigation Law Manual (HALLEX) is an internal manual of the Social Security Administration designed to give guidance to ALJs.  HALLEX guidelines do not bind the courts within this circuit.  *Bowie v. Comm'r*, 539 F.3d 395, 399 (6th Cir. 2008).  In other words, no procedural due process rights arise from HALLEX violations alone.  *See Lawrence v. Comm'r*, No. 3:13-032-DCR, 2014 WL 640990, at *4 (E.D. Ky. Feb. 18, 2014) (collecting cases).  Consequently, even if the ALJ's ruling violated the HALLEX, this would not automatically entitle Plaintiff to a remand.  Relief would be

---

[4] If there had been a genuine, material conflict, the ALJ would have been expected to resolve it in his written decision.  *See* Soc. Sec. Rul. 00-4p, 2000 WL 1898704, at *4 ("When vocational evidence provided by a VE … is not consistent with information in the DOT, the adjudicator must resolve this conflict before relying on the VE … evidence to support a determination or decision that the individual is or is not disabled.  The adjudicator will explain in the determination or decision how he or she resolved the conflict.  The adjudicator must explain the resolution of the conflict irrespective of how the conflict was identified").

appropriate only if Plaintiff shows prejudice from nonobservance.  *See Estep v. Comm'r*, No. 2:11-0017, 2013 WL 212643, at *12 (M.D. Tenn. Jan. 18, 2013) (collecting cases).

There was no HALLEX § I-2-6-74 violation because Section I-2-6-74 addresses live objections made to vocational testimony at the administrative hearing, not post-hearing.  The only references to objections to vocational testimony in Section I-2-6-74 instruct the ALJ to:

• Ask the claimant and the representative whether they have any objection(s) to the VE testifying; and

• Rule on any objection(s).  The ALJ may address the objection(s) on the record during the hearing, in narrative form as a separate exhibit, or in the body of his or her decision.

Even if there was a HALLEX § I-2-6-74 violation, it was not prejudicial for the reasons discussed above in connection with Plaintiff's first argument (i.e., the underlying objection was without merit). *See Engelhart v. Comm'r*, No. 2:15-cv-2937, 2017 WL 780606, at *1 (S.D. Ohio Mar. 1, 2017) ("HALLEX § I-2-6-74 provides detailed instructions for how to handle the testimony of a VE.  …  Engelhart bases her argument on the exchange that occurred between the ALJ and her attorney during the ALJ's questioning of the VE.  …  [E]ven if the ALJ did not strictly follow the HALLEX guidelines, Engelhart has not shown how she was prejudiced by the departure").

## RECOMMENDATION

The Magistrate Judge RECOMMENDS that the Court AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

March 29, 2018

Lanny King, Magistrate Judge
United States District Court

**NOTICE**

Under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties.  Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court.  If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984).

 March 29, 2018

Lanny King, Magistrate Judge
United States District Court

6